UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 429 HOLDINGS LLC, | Cv-18-01802 (BMC) |
| Plaintiff, | |
| - against - | **ANSWER, AFFIRMATIVE DEFENSE, AND COUNTERCLAIMS** |
| 421 KENT DEVELOPMENT, LLC, | |
| Defendant. | |

Defendant, 421 Kent Development, LLC ("421 Kent"), by and through its attorneys, Holland & Knight LLP, as and for its Answer to the complaint of plaintiff 429 Holdings LLC ("429 Holdings") filed in the New York State Court for Kings County on March 15, 2018, and removed hereto March 23, 2018 ("Complaint"), states upon information and belief as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 1 of the Complaint.

2. Admits the allegations in Paragraph No. 2 of the Complaint.

FOR A FIRST CAUSE OF ACTION

3. Admits the allegations in Paragraph No. 3 of the Complaint.

4. Denies each and every allegation in Paragraph No. 4 of the Complaint.

5. Denies each and every allegation in Paragraph No. 5 of the Complaint.

6. Admits that, on or about April 22, 2017, Mr. Ryan Black took possession of the Unit with his wife, but denies that it consented to such possession.

7. Denies each and every allegation in Paragraph No. 7 of the Complaint.

8. Denies each and every allegation in Paragraph No. 8 of the Complaint.

9. Denies that there was a valid contract and refers the Court to the putative contract for the terms thereof.

10. Denies each and every allegation in Paragraph No. 9 of the Complaint.

11. Admits that a Closing statement issued, refers the Court to document for the terms thereof, but denies that said Closing statement was authorized by Defendant and denies each and every remaining allegation in Paragraph No. 11 of the Complaint.

12. Admits that, on August 22, 2017, Holland & Knight received $6,097.53 by wire it presumed to be for the purchase the Unit, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 12 of the Complaint.

13. Admits that, on August 23, 2017, Holland & Knight received $667,677.49 by wire it presumed to be for the purchase the Unit, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 13 of the Complaint.

14. Admits that the Closing did not occur thereafter, and, on August 29, 2017, Holland Knight returned all monies it presumed to be received for the purchase the Unit, less fifteen per cent of the purchase price, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 13 of the Complaint.

15. Denies each and every allegation in Paragraph No. 15 of the Complaint.

16. Admits that, to date, it has declined to close on the Unit, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 16 of the Complaint.

17. Admits the allegations in Paragraph No. 17 of the Complaint.

18. Denies each and every allegation in Paragraph No. 18 of the Complaint, except admits it has title to the Unit.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 19 of the Complaint.

20. Denies each and every allegation in Paragraph No. 20 of the Complaint.

21. Denies each and every allegation in Paragraph No. 21 of the Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 22 of the Complaint.

FOR A SECOND CAUSE OF ACTION

23. Realleges its response to each and every allegation in Paragraph Nos. 1 through 22 of the Complaint, as set forth above, as if the same were fully set forth herein.

24. Denies each and every allegation in Paragraph No. 24 of the Complaint.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 25 of the Complaint.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 26 of the Complaint.

27. Denies each and every allegation in Paragraph No. 27 of the Complaint.

28. Denies each and every allegation in Paragraph No. 28 of the Complaint.

29. Denies each and every allegation in Paragraph No. 28 of the Complaint.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 30 of the Complaint.

FOR A THIRD CAUSE OF ACTION

31. Realleges its response to each and every allegation in Paragraph Nos. 1 through 30 of the Complaint, as set forth above, as if the same were fully set forth herein.

32. Admits that the fair market value of the Unit is substantially more than the Purchase Price, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 30 of the Complaint.

33. Denies each and every allegation in Paragraph No. 33 of the Complaint.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 34 of the Complaint.

## AS AND FOR A FIRST DEFENSE

35. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

36. The action is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## AS AND FOR A THIRD DEFENSE

37. The Contract is invalid because it was procured by the fraud of the putative purchaser named in the Contract, as set forth with sufficient particularity in the First Counterclaim below.

## AS AND FOR A FOURTH DEFENSE

38. 429 Holdings' claims are barred because there was no "prior written consent" of assignment of the putative Contract to it as strictly required by the terms of the Contract.

## AS AND FOR A FIFTH DEFENSE

39. The Contract, if ever effective, was rendered null and void by 421 Kent's refusal, failure, or inabilty to deliver a fully-executed copy thereof to the putative purchaser named therein.

## AS AND FOR A SIXTH DEFENSE

40. 429 Holdings has failed and refused to mitigate its damages, if any. Accordingly, 429 Holdings is barred in whole or in part from any recovery.

## AS AND FOR A SEVENTH DEFENSE

41. 421 Kent intends to add and to rely upon such other and further defenses as may become apparent or available during the discovery of this action, and reserves the right to amend its Answer and/or to assert any such defenses in the future.

## AS AND FOR THE FIRST COUNTERCLAIM (Fraud)

42. Non-party, Mr. Ryan Black, from whom 429 Holdings claims to have received an assignment of the undated contract of sale that is the subject of the Complaint, worked for 421 Kent in the development and construction of the Oosten Condominium.

43. Non-party John Liang also worked 421 Kent and acted as its alleged authorized signatory for the purchase and sale of units at the Oosten Condominium.

44. Mr. Black made representations to 421 Kent's management, throughout the period of June 2017 until his resignation in September 2017, that he was promised by a member of management in 421 Kent's corporate parent—not a representative of 421 Kent, itself—that he would be able to purchase a unit at the Oosten Condominium for a sale price far below market value, as an alleged reward for his job performance.

45. Despite due diligence by 421 Kent, no record of any such promise was ever made to Mr. Black and therefore it believed that no such promise was ever made.

46. Upon information and belief, Mr. Black knew his representations to be false.

47. Relying upon these representations, Mr. Liang, whose employment was terminated in November 2017 (and by allegedly apparent authority, 421 Kent), appears to have entered into an agreement on behalf of 421 Kent for the sale and purchase of Unit 901 at the Oosten Condominium for that sale price far below market value.

48. 421 Kent was thereby fraudulently induced into entering into the agreement.

49. The particulars of the fraudulent representations are particularly within the knowledge of Plaintiff, Mr. Black and Mr. Liang and cannot be known prior to discovery

50. Defendant has been damaged in an amount to be determined at trial.

### AS AND FOR THE SECOND COUNTERCLAIM (Ejectment)

51. 421 Kent restates and realleges each and every allegation and admission set forth above in Paragraph Nos. 1 through 50 as if fully set forth herein.

52. As 429 Holding has admitted in Paragraph No. 6 of the Complaint, on or about April 22, 2017, Mr. Black took possession of Unit 901, and after the putative assignment, 429 Holding, itself took possession of Unit 109.

53. As 429 Holding has admitted in Paragraph No. 18 of the Complaint, 421 Kent retains title and the deed to Unit 109, as such 429 Holding is wrongfully in possession of Unit 109.

54. 421 Holding are out of possession of Unit 109 and have been damaged thereby and are entitle to an award of use and occupancy for the period of wrongful possession.

### AS AND FOR THE SECOND COUNTERCLAIM (Trespass)

55. 421 Kent restates and realleges each and every allegation and admission set forth above in Paragraph Nos. 1 through 50 as if fully set forth herein.

56. 429 Holdings intentional entered into Unit 901, title to which is still vested in 421 Kent, without justification or the permission of 421 Kent.

**WHEREFORE**, having fully answered the allegations set forth in the Complaint, defendant 421 Kent, LLC, respectfully requests that the Court enter judgment (a) dismissing the Complaint in its entirety; (b) awarding money damages in an amount to be determined at trial for the First Counterclaim of Fraud; (c) awarding money damages, including use and occupancy, for the Second Counterclaim of Ejectment; (d) awarding injunctive relief for the Third Counterclaim of Ejectment; (e) awarding attorneys' fees, costs, and expenses incurred in connection with this action; and (d) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 30, 2018

                            HOLLAND & KNIGHT LLP

                            By: /s Patrick Sweeney
                                Patrick Sweeney
                                Francesca Morris
                                31 West 52nd Street
                                New York, New York 10019
                                (212) 513-3200

                            *Attorneys for Defendant*
                            *421 Kent, LLC*