# DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP

**Charles L. Rosenzweig**
**Partner**
clr@ddw-law.com

COUNSELLORS AT LAW

THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601

(914) 681-0200
FACSIMILE (914) 684-0288

**Connecticut Office**
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 219-9896

October 24, 2018

Hon. Brian M. Cogan
United States District Court, EDNY
225 Cadman Plaza
Brooklyn, N.Y.11201

> Re: *429 Holdings, LLC & Ryan Black v. 421 Kent Development, LLC;*
> 18-cv-1802 (BMC)

Dear Judge Cogan:

We are attorneys for plaintiffs, 429 Holdings LCC and Ryan Black (collectively, "Plaintiffs"), in the above referenced action and submit this joint letter with the attorneys for defendant, 421 Kent Development, LLC ("Defendant"), regarding discovery disputes in this matter. We submit this letter in compliance with the Court's Individual Practices.

The current fact discovery deadline in this case is November 1, 2018. Plaintiffs served a Request for Production of Documents on September 21, 2018 and noticed depositions of Defendant's 30(b)(6) witness for Monday, October 29, 2018 and Defendant's law firm, Holland & Knight LLP, for Tuesday, October 30, 2018. Defendant served its Objections and Responses to Plaintiff's First Request for the Production of Documents on October 22, 2018, and the electronic transfer of responsive documents was completed at 1 a.m. on October 23, 2018.

Catherine Campbell spoke with Francesca Morris and Marc Antonecchia of Holland & Knight, Defendant's counsel, by telephone on October 23, 2018 for approximately 20 minutes to request production of all document related to requests to which Defendant had objected to produce on relevance grounds. On that call, Ms. Morris requested that Ms. Campbell put Plaintiff's request in writing. In an email to Defendant's counsel sent at 1:46pm on October 23, Ms. Campbell listed the narrowed requests for production of documents responsive to Doc. Request Nos. 19-24, which are described in detail below. Defendant's attorneys responded this morning with a denial of all requests, as further described below. Ms. Campbell forwarded this letter to Defendant's attorneys at 12:53pm today, and received a response from them at 3:51pm. Ms. Campbell was authorized by Defendant's counsel to file this joint letter at 5:13pm. Thus, the parties have worked expeditiously to bring this matter to the attention of the Court. In addition, the parties have conferred and reached an agreement regarding a confidentiality stipulation and are continuing to confer regarding plaintiffs' production, and the response to a subpoena served on Mr. Black's company.

**DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP**

Hon. Brian M. Cogan
October 24, 2018
Page 2

Following are the document requests Plaintiffs made to Defendant yesterday, in narrowed form from Plaintiffs' initial Requests for Production of Documents which is attached in its original form hereto as Exhibit A.  Defendant's Objections and Responses to Plaintiff's First Request for the Production of Documents is attached hereto as Exhibit B.

Plaintiffs' Document Requests and Defendant's Opposition

1. Doc. Request No. 19:  Document(s) if any that show John Liang's authority to execute purchase and sale contracts on behalf of 421 Kent for Oosten units.

2. Doc Request No. 20:  Document(s) if any that show John Liang's authority to execute closing documents and/or determine that any condition to such sale was satisfied or waived.

Plaintiffs' Position in Support of Doc. Request Nos. 19-20:

In this case, Plaintiffs seek to enforce a contract for the purchase of residential unit 901 in the Oosten Condominium at a below-market price ("Contract"), which price was agreed to by Defendant as part of Plaintiff Ryan Black's compensation for working on the development of the Oosten Condominium project for Defendant.  Defendant's parent company, Xinyuan (China) Real Estate Company, approved the sale of Unit 901 to Mr. Black at the below-market price ("Approval").  Defendant now refuses to sell the unit to Plaintiffs at the contract price, because it contends that the Approval required Mr. Black to meet a condition, namely that he continue to work for Defendant on the Oosten project until it is "finally completed for occupancy." ("Condition").  The contract signed by John (Chaohui) Liang on behalf of Defendant for the sale of Unit 901 to Mr. Black does not contain or reference the Condition.  Defendant claims that Mr. Black resigned from the Project in Sept 2017, before the Project was finally completed for occupancy and thus the Condition was not met and it is not required to sell the unit on the terms in the Contract.

Based on the Requests Nos 19 & 20, Plaintiffs seek documents that show the extent of Mr. Liang's authority to sign sale contracts and closing documents for units at the Oosten, and whether that authority extends to waiving any prior conditions placed by Defendant or its parent company on the sale, or in determining that a condition is met.  The scope of Mr. Liang's authority to sign sale contracts and closing documents on behalf of Defendant are directly relevant to Plaintiff's ability to make its claims against Defendant in this case.

Defendant's Position in Opposition to Doc. Request Nos. 19-20:

There is no pending defense or counterclaim that implicates John Liang's authority to execute purchase and sale contracts or other documents on behalf of 421 Kent for Oosten units.  Plaintiffs specifically sought the Court's adjudication of this very issue by virtue of its letter motion dated August 6, 2018, in which they expressly argued that defendant was not entitled to maintain the two affirmative defenses that alleged that "John Liang did not have authority to sign a contract of sale for Unit 901 on behalf of 421 Kent."  As a result of that motion practice defendant withdrew the

**DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP**

Hon. Brian M. Cogan
October 24, 2018
Page 3

two defenses.  Having advocated for dismissal, plaintiffs should not now be heard to complain about the withdrawal and to seek discovery on this issue.

3.  Doc. Request No. 21:  The final executed purchase agreement of Omer Ozden and/or Williamsburg TH, LLC for the purchase of TH12; and the final executed closing documents for this purchase.

4.  Doc. Request No. 22:  Document(s) if any that show Defendant or an Affiliate determined that the Condition was satisfied in connection with the sale of TH12.

5.  Doc. Request No. 23:  Document(s) if any that show Defendant or an Affiliate waived the Condition in connection with the sale of TH12.

6.  Doc. Request No. 24: Any employment or independent contractor agreement with Omer Ozden or other form of agreement to retain the services of Mr. Ozden with regard to the Oosten, and if any exists, any document that provides for the end of Mr. Ozden's services in that capacity.

Plaintiffs' Position in Support of Doc. Request Nos 21-24:

The Approval, in addition to authorizing the sale to Mr. Black of Unit 901, also authorized the sale of Townhouse 12 to Omer Ozden, and the Condition as written in the Approval also applied to Mr. Ozden.  Mr. Ozden's purchase of TH12 closed on Jan. 6, 2017.  Drafts of the sales contract between Mr. Ozden and Defendant do not contain or reference the Condition.  Defendant has not produced the executed purchase agreement with Mr. Ozden or the executed closing documents for his purchase.  Nor have they produced any documents that show Defendant determined the Condition was met or waived in the case of Mr. Ozden.  Finally, they have not produced documents of an employment or other services agreement between Defendant and Mr. Ozden for work on the Oosten Project.

Plaintiffs seek these documents, as they are germane to whether Defendant determined the Condition was met or waived when entering into the purchase agreement with Mr. Ozden.  Pursuant to the liberal scope of discovery under the FRCP 26(b)(1), these document requests are directly relevant to Plaintiffs' claims and meet this standard for production of documents.

Defendant's Position in Opposition to Doc. Request Nos. 21-24:

For the avoidance of doubt, and as pled in the Amended Complaint, the subject of the action is limited to plaintiffs' claims for specific performance, declaratory judgment, injunctive relief, and damages arising solely from defendant's purported breach of the agreement between 421 Kent Development, LLC and Ryan Black, annexed as Exhibit A to the Amended Complaint.  Any acts, omissions, purported waivers, or otherwise by defendant made in connection with a separate purchase contract for a separate unit in the condominium has absolutely no bearing on defendant's compliance with or breach of any purported obligations under the contract at issue.  The Court need not and should not permit an exercise that is ultimately aimed at assessing similarities and

**DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP**

Hon. Brian M. Cogan
October 24, 2018
Page 4

differences as to the outcomes of the separate Black and Ozden transactions.  Such a path would greatly expand the scope of discovery in this case on the eve of depositions, and more broadly, lead to potentially unending discovery against corporations that regularly engage in contracts by opening the floodgates as to other business relationships and transactions.

By this letter Plaintiffs seek an order from the Court directing Defendant to produce the requested documents, and if granted, Plaintiffs further seek an extension of the Court's discovery deadline to permit Plaintiffs to take a further deposition of Defendant's 30(b)(6) witness as to the additional documents produced under this order.  Defendant opposes such an order.

Very truly yours,

/*Charles L. Rosenzweig*/
CHARLES L. ROSENZWEIG (CR7622)

Encl.

cc:  Christopher Kelly, Esq., *counsel for Defendant*